UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MURIYD S. MATTHEWS,

                                        Plaintiff,

                                                                    9:25-CV-0767
            v.                                                      (AMN/DJS)


FREDRICK AKSHAR, et al.,

                                        Defendants.
_____

APPEARANCES:

MURIYD S. MATTHEWS
Plaintiff, pro se
440702
Broome County Correctional Facility
P.O. Box 2047
Binghamton, NY 13902-2047


ANNE M. NARDACCI
United States District Judge

## DECISION and ORDER

## I.      INTRODUCTION

        Plaintiff Muriyd S. Matthews commenced this action by filing a pro se civil rights

complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") and the Religious Land Use and

Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, together with an application to

proceed in forma pauperis ("IFP").  Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").  By

Decision and Order entered on July 9, 2025, the Court granted plaintiff's IFP Application,

reviewed the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. §

1915A(b), and dismissed each of plaintiff's Section 1983 claims without prejudice for failure to

1

state a claim upon which relief may be granted.  Dkt. No. 4 ("July 2025 Order").  In light of plaintiff's pro se status, he was afforded an opportunity to submit an amended complaint.  *Id*. at 13-15.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 6 ("Am. Compl.").

## II.    SUFFICIENCY OF THE AMENDED COMPLAINT

### A.    The Complaint and July 2025 Order

In his complaint, plaintiff asserted claims against the Broome County Jail and Broome County Sheriff Akshar based on allegations that he was provided with soap containing "pork products[,]" in violation of his religious beliefs as a Muslim.  Compl. at 4-5.

The complaint was construed to assert RLUIPA and First Amendment free exercise claims against the defendants.  *See* July 2025 Order at 5.

After reviewing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed plaintiff's Section 1983 and RLUIPA claims against Broome County Jail with prejudice and dismissed the remainder of the complaint without prejudice for failure to state a claim upon which relief may be granted.  *See* July 2025 Order at 6-15.

### B.    Review of the Amended Complaint

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the July 2025 Order and it will not be restated in this Decision and Order.  *See* July 2025 Order at 3-5.

2

As with the original complaint, plaintiff's amended complaint asserts claims based on plaintiff being provided with soap containing "pork products" during his incarceration at Broome County Correctional Facility. The allegations in the amended complaint are materially similar to, albeit more detailed than, the allegations in the original complaint. The following facts are set forth as alleged in the amended complaint.

Plaintiff is a practicing Muslim who does not "use or eat anything with pork products[.]" Am. Compl. at 3. Following plaintiff's arrival at Broome County Correctional Facility, he was provided with soap by jail officials, "which [defendant] Sheriff Fredrick Akshar approved knowingly having pork products in it." *Id.* Plaintiff's "body started to brake [sic] out with rashes and itch[ ] badly[.]" *Id.* "After finding out [the soap] products contained the pork, [plaintiff] stopped using it then the jail took it away and replaced it with soap that contains products that can cause cancer[.]" *Id.* Plaintiff "had no choice at one point because [he] didn't have money for commissary soap." *Id.* Plaintiff used soap containing pork products "for 4 months." *Id.*

Defendant Akshar "knows there are Muslims present [at the facility] and . . . still provided [inmates] with pork products[.]" Am. Compl. at 3.

The Court liberally construes the allegations in the amended complaint to reassert a RLUIPA claim against Broome County and free exercise claims against Broome County and Sheriff Akshar.[1]

---

[1] As noted in the July 2025 Order, "RLUIPA cannot be interpreted in a manner that would permit suit against a municipal employee in his or her individual capacity." *Id.* at 7. Accordingly, the Court does not construe the amended complaint to assert a cognizable RLUIPA claim against defendant Akshar. In addition, and as also noted in the July 2025 Order, "[s]ince Broome County Jail is an administrative arm of Broome County, without a legal identity separate and apart from the County, it lacks the capacity to be sued." *Id.* at 9. Thus, the Court once again construes plaintiff's allegations of wrongdoing by Broome County Jail as allegations against Broome County, which is the real party in interest. *Id.*

Plaintiff seeks money damages.  Am. Compl. at 4.  For a more complete statement of plaintiff's claims, reference is made to the amended complaint.

### C.    Analysis

#### 1. Free Exercise Claim Against Akshar

The First Amendment to the United States Constitution guarantees the right to free exercise of religion.  See U.S. Const. amend. I; *Cutter v. Wilkinson*, 544 U.S. 709, 719 (2005).  As is true with regard to the First Amendment generally, the free exercise clause applies to prison inmates, subject to appropriate limiting factors.  See *Ford v. McGinnis*, 352 F.3d 582, 588 (2d Cir. 2003) (holding that "[p]risoners have long been understood to retain some measure of the constitutional protection afforded by the First Amendment's Free Exercise Clause" (citing *Pell v. Procunier*, 417 U.S. 817, 822 (1974)).

"[A]n inmate does not need to establish a substantial burden in order to prevail on a free exercise claim under § 1983."  *Kravitz v. Purcell*, 87 F.4th 111, 125 (2d Cir. 2023).  "In the prison context, however, 'the right to free exercise of religion' is balanced against 'the interests of prison officials charged with complex duties arising from administration of the penal system.'"  *Kravitz*, 87 F.4th at 127-28 (quoting *Benjamin v. Coughlin*, 905 F.2d 571, 574 (2d Cir. 1990)).  Thus, "an infringement of the free exercise of religion [may be] permissible . . . if it is 'reasonably related to legitimate penological interests.'"  *Id*. (quoting *Benjamin*, 905 F.2d at 574).

"[T]o assess a free exercise claim, a court must determine (1) whether the practice asserted is religious in the person's scheme of beliefs, and whether the belief is sincerely held; (2) whether the challenged practice of the prison officials infringes upon the religious belief; and (3) whether the challenged practice of the prison officials furthers legitimate

penological objectives." *Kravitz*, 87 F.4th at 128 (alterations adopted) (quoting *Farid v. Smith*, 850 F.2d 917, 926 (2d Cir. 1988)).

"The First Amendment's command that government not 'prohibit' the free exercise of religion, U.S. Const. amend. I, connotes a conscious act, rather than a merely negligent one[.]" *Wiggins v. Griffin*, 86 F.4th 987, 997 (2d Cir. 2023) (internal quotation marks and citations omitted). "Given this understanding of the First Amendment, isolated acts of negligence cannot violate an individual's free exercise of religion in this context." *Id*.

Several years ago, more than a dozen lawsuits were filed more or less contemporaneously by Muslim inmates at the Rikers Island prison facilities, all of which challenged the handling of food and related items at the prison dining facilities. *See, e.g., Rose v. Masiey*, No. 05-CV-.8828, 2008 WL 706254, at *2 (S.D.N.Y. Mar. 14, 2008) (discussing relevant litigation history). In *Rose*, the district court denied a motion to dismiss the plaintiff's Section 1983 claims based on allegations of prison officials stacking and washing trays that are used to serve Halal and non-Halal meals, washing trays with soap that contain pork by-products, using cooking ingredients with pork by-products, and failing to cook Halal meats as required by Halal rules, finding that such allegations could be sufficient to support a First Amendment free exercise claim. *Id.* at *1, *3, *8-9. In that case, the plaintiff's claims were asserted against supervisory officials, among others, based on allegations that the plaintiff received "no 'result' from [his] grievances" and the supervisory officials failed to remedy the matter after being notified about it. *Id*. at *3, *6-7.

This case differs significantly from *Rose* in several respects. First, plaintiff's allegation that defendant Akshar "approved knowingly" the disbursement of soap with "pork products in it" is entirely conclusory. Plaintiff does not, for example, allege that this official was

responsible for ordering or examining all hygiene products at Broome County Correctional

Facility, or the distribution of these products throughout the facility.  Second, even if

defendant Akshar was aware that "pork products" were contained in soap that was offered to

incarcerated individuals, plaintiff acknowledges that soap that did not contain "pork products"

was available for commissary purchase, *see* Am. Compl. at 3, and the pleading is devoid of

allegations which plausibly suggest that any official refused to provide plaintiff with pork-free

soap because he could not afford it.  Third, plaintiff acknowledges that when he made facility

officials aware of his concerns, pork-free soap was provided to him (and all other inmates at

the facility) free of charge.  *See* Am. Compl. at 3.

In light of the foregoing, the Court has no basis to plausibly infer from the allegations in

the amended complaint that any official knowingly prohibited, or infringed on, plaintiff's

exercise of his religious beliefs by offering him soap that contained pork products, let alone

that defendant Akshar did so.  Accordingly, plaintiff's free exercise claim against defendant

Akshar is once again dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

### 2.  Municipal Liability Claims

The legal standard governing municipal liability was discussed at length in the July

2025 Order and will not be restated herein.  *See* July 2025 Order at 9-12.

As noted, plaintiff acknowledges that pork-free soap was available for purchase at the

facility at the time he was offered pork-based soap, and was also provided to him once

concerns were raised with facility officials.  Moreover, plaintiff does not allege that he was

ever denied access to pork-free soap based on his inability to pay for the product.  Thus, as a

threshold matter, the Court is unable to plausibly infer that any Broome County official ever knowingly interfered with plaintiff's exercise of his religious beliefs.

Furthermore, as with the original complaint, the amended complaint is entirely devoid of allegations which plausibly suggest that any failure to provide plaintiff with pork-free soap was based on an unconstitutional Broome County custom, policy, or practice. The amended complaint does not, for example, allege that (1) plaintiff was offered pork-based soap pursuant to a custom, policy, or practice designed to interfere with his religious practices, (2) a policymaking official was responsible for ordering pork-based soap and failing to offer an adequate alternative option, or (3) a policymaking official was aware that Broome County Correctional Facility utilized pork-based soap without an adequate alternative option, yet took no corrective steps to address the matter. *See Thawney v. City of New York*, No. 17-CV-1881, 2018 WL 4935844, at *7 (S.D.N.Y. Oct. 11, 2018) ("Thawney, however, has not alleged, as he must, that the City's policies regarding the prevention of smuggling of contraband constitute a deliberate choice rather than mere negligence. . . . At most, Thawney's allegations give rise to a plausible inference of negligence or bureaucratic inaction. . . . But that is not enough to provide a basis for liability under *Monell*." (internal citations omitted)).

Accordingly, plaintiff's RLUIPA and free exercise claims against Broome County are once again dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

## III. CONCLUSION

**WHEREFORE**, it is hereby

  **ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED** without prejudice and without further leave to amend in this action, pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  The Clerk is directed to terminate the defendants and close this case; and it is further

  **ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: October 1, 2025
   Albany, NY

Anne M. Nardacci
U.S. District Judge